IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA, COUNTY OF DOUGLAS, STATE OF NEBRASKA, and UNKNOWN JOHN DOE OMAHA POLICE,<br><br>Defendants. | 8:18CV30<br><br>MEMORANDUM AND ORDER |

Plaintiff filed his Complaint on January 25, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). In conducting this initial review, the court will consider Plaintiff's Amended Complaint (filing no. 5) as supplemental to the original Complaint. *See* NECivR 15.1.

## I. SUMMARY OF COMPLAINT

Plaintiff sues the City of Omaha (City), Douglas County, the State of Nebraska, and "Unknown John Doe Omaha Police" claiming the Defendants stole his vehicle in violation of his rights under the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. Attached to Plaintiff's Complaint is a copy of the Nebraska Court of Appeals' unpublished memorandum opinion in *Tyler v. City of Omaha*, No. A-16-867 (Neb. App. Jan. 2, 2018). (Filing No. 1 at CM/ECF pp.4–9.) Plaintiff alleges the opinion "perfectly detail[s] theft unlawful and unconstitutional theft of our truck vehicle by defendants acting in concert and under color of state laws." (*Id*. at CM/ECF p.1.)

As set forth in the Nebraska Court of Appeals opinion, the alleged theft of Plaintiff's truck occurred when the City of Omaha towed and impounded Plaintiff's 1993 Chevy pickup truck on August 1, 2016, "because it was unregistered on the City street." (*[Id.* at CM/ECF p.5](#).) Plaintiff had left the truck parked legally by a curb at 21st and Browne Streets in Omaha, Nebraska, while he was in jail for 9 or 10 days. Just before he got out of jail, the vehicle was towed. A notice to Plaintiff from the City dated August 2, 2016, informed him that his vehicle "was taken to the impound facility and if it is not claimed and removed within 5 days, the vehicle and its contents will be considered abandoned [and] any person claiming the vehicle will be required to pay the cost of removal and storage." (*[Id](#)*.) A second notice from the City dated August 10, 2016, informed Plaintiff that "the vehicle has been unclaimed and considered abandoned [and], if it remains unclaimed, title to the vehicle will vest in the City in 30 days" pursuant to "Neb. Rev. Stat. [§ 60-1901 (Cum. Supp. 2016)]." (*[Id](#)*.)

Plaintiff filed a replevin action against the City in the District Court of Douglas County, Nebraska seeking the immediate return of his vehicle. (*[Id.* at CM/ECF p.4](#).) After trial was held on August 29, 2016, the state district court denied Plaintiff's requested relief in an order entered on September 2, 2016. On appeal, the Nebraska Court of Appeals affirmed concluding that the vehicle "was properly deemed abandoned and was subject to being towed" and the evidence supported the City's possession of Plaintiff's vehicle under the Nebraska motor vehicle abandonment laws. (*[Id.* at CM/ECF p.7](#).)

Plaintiff now points to the opinion in *Tyler v. City of Omaha*, *supra*, as proof of Defendants' practice, policy, and procedure of stealing vehicles. Plaintiff claims the practice is "so rabid" that the Defendants had auctioned off his truck "long before the final decision rendered in *Tyler*, *supra*." (*[Id.* at CM/ECF p.2](#).) Plaintiff seeks a declaration that the theft of his truck violated his constitutional rights, an injunction against further violations, and an award of damages and replacement of Plaintiff's vehicle.

## II. APPLICABLE LEGAL STANDARDS ON IN INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff brings this action under 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v.*

3

*Atkins*, 487 U.S. 42, 48 (1988). As explained below, Plaintiff has failed to state a plausible claim for relief under section 1983 against any of the Defendants.

**A. State of Nebraska**

Plaintiff seeks, among other things, monetary damages from the State of Nebraska. The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Here, there is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter.

In addition, a suit may be brought under § 1983 only against a "person" who acted under color of state law. A state "is not a 'person' as that term is used in § 1983, and is not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 201 (1991). Thus, § 1983 does not create a cause of action against the State of Nebraska. Accordingly, Plaintiff's claims against the State of Nebraska will be dismissed.

**B. Douglas County**

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various

alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County's employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violation. In fact, Plaintiff fails to allege any facts suggesting Douglas County has a policy or custom of seizing vehicles in violation of an individual's constitutional rights. Rather, the allegations of and attachments to the Complaint establish that the towing, impoundment, and eventual sale of Plaintiff's vehicle was carried out by the City, not Douglas County. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas County across the line from conceivable to plausible.

## C. City and Unknown John Doe Omaha Police

Plaintiff sues the "Unknown John Doe Omaha Police" in his official capacity. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). Liberally construed, Plaintiff's claim against the "Unknown John Doe Omaha Police" is a claim against the City. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson, supra.* As a municipality, the City of Omaha can only be liable under section 1983 if a municipal policy or custom caused Plaintiff to be deprived of a federal right or if the municipality failed to adequately train its employees. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Here, Plaintiff's conclusory allegations about the City's "policy of systematically[,] administratively stealing vehicles as set out in *Tyler v. City*, *supra*" (filing no. 1 at CM/ECF p.2), are insufficient to state a plausible claim for relief under section 1983. Nothing in the Nebraska Court of Appeals opinion in *Tyler v. City*, *supra*, suggests that Plaintiff's constitutional rights were violated when the City towed and impounded his car. On the contrary, the opinion indicates that the City was authorized to act as it did and Plaintiff was provided adequate post-deprivation remedies with respect to the towing and impoundment of his vehicle. *See Allen v. City of Kinloch*, 763 F.2d 335 (8th Cir. 1985) (Plaintiff whose vehicles had been towed by municipality from land which he owned or occupied had adequate remedy by replevin action under Missouri rules, and thus had no constitutional claim against municipality under 42 U.S.C.A. § 1983). Thus, Plaintiff has failed to allege sufficient facts in support of his claim that the City's policy or custom violated his constitutional rights.

# IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against any of the Defendants and will be dismissed without prejudice. The court will not grant leave to amend as the court deems any amendment will be futile.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint ([filing no. 1](filing no. 1); [filing no. 5](filing no. 5)) is dismissed without prejudice.

2. The court will enter judgment by separate document.

Dated this 20th day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge